No. 3429.—JOHN M. HOYLE v. NEW ORLEANS CITY RAILROAD COMPANY.

A railroad company in the city of New Orleans which has been authorized by the city to change the track of its railroad, can not be enjoined from so doing by an individual property holder situated on the line of the road, on the ground that such change would likely prove detrimental to the public health, and would therefore work an irreparable injury to him.

A party who discloses no interest whatever in an ordinance of the Common Council, can not be permitted to raise the question of its validity with another party who has acquired a right under the ordinance.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble*, J. *C. T. Bemis*, for plaintiff and appellee. *W. H. Hunt*, for defendant and appellant.

HOWE, J. This case was before this court lately on appeal from a judgment in favor of plaintiff rendered by the Sixth District Court of the parish of Orleans. See 23 An. 502. The cause was remanded that it might be transferred to the Eighth District Court. Having been thus transferred, the judge of the Eighth District Court, following the opinion expressed by the judge of the Sixth, rendered another judg-

ment in favor of plaintiff, enjoining the defendant from constructing a horse railroad track on the edge of the neutral ground in Canal street.

A careful examination of the record fails to disclose any legal reason for this injunction. The plaintiff has filed no brief in this court, and we can only presume that he relies on the following points, which we will notice in the order in which they are set forth in his petition:

It appears that in the middle of the neutral ground in question there is a draining canal; that this draining canal is covered by a platform on which for some years the tracks of the defendant's railway have been laid; that this canal was cleaned out by the authorities of the city of New Orleans,. and the earth thus excavated thrown out and leveled down on each side in such a way as to form a bank of some fourteen inches in thickness, encroaching somewhat on the shellroads on either side; that on these banks the defendant proposes to lay its. tracks, removing them from over the canal, under a permission given by an ordinance of the Common Council, dated May 3, 1869, and that these banks of earth will, unless properly provided with ditches, prevent in some measure the flow of surface water from the inner edges. of the shellroads. The plaintiff, as owner of property on Canal street, claims that he has been greatly injured by the announced intention of the defendant thus to remove the tracks, and that the laying thereof on the newly selected lines will work him an irreparable injury, and hence his claim for a perpetual injunction

*First*—The excavation of the draining canal, the throwing up of earth on either side upon the neutral ground, and the possible obstruction of drainage of the shellroads were all the work of the city of New Orleans. The defendant had nothing to do with these acts, and is in no wise responsible for the real or imaginary consequences of them. The city is not a party to this suit, and it is not necessary, therefore, to decide how far the plaintiff might have a right to interfere with its. administration of the public highways on which he chooses to buy land. It is enough to say that neither the plans nor performances of the defendant have caused or are likely to cause any injury to the plaintiff which can authorize the stringent remedy of injunction as against it.

*Second*—The plaintiff alleges that the ordinance under which the defendant proposes to shift the line of its tracks is null and void under the law of 1867, No. 111, by which the Common Council was forbidden to pass any ordinance until it should have provided certain sanitary regulations. Acts of 1867, p. 207. We can not determine whether this point is seriously insisted on, or whether it formed any part of the reasons for judgment below. It might be sufficient to remark that the plaintiff in this record does not show any legal interest in discussing this question with this defendant. It will, we imagine, be time enough to examine the validity of this ordinance when the issue shall be raised.

by some one on whom the ordinance confers a right, or imposes a duty, or inflicts a wrong.

*Third*—The plaintiff attempts to show that the shifting of the defendant's tracks will necessitate the removal of the platform which covers the canal, and so will cause discomfort and ill health in the vicinage. The testimony is unsatisfactory and conflicting. It is not rendered even probable that the removal of the tracks will be followed by the removal of the covering of the canal; it is not rendered certain that the uncovering of the canal will be followed by the predicted evils; but, granting that these results will occur, we are still unaware of any legal obligation on the part of the defendant to the plaintiff requiring it to keep covered a draining canal of the city of New Orleans.

On the whole, we conclude that the changes of the canal and of the banks on either side are the work of the city of New Orleans, to the discretion of whose municipal authorities such work is properly confided (14 An. 452, 842); that no act of the defendant, whether done or threatened to be done under the permission given to it by the city, so far as this record shows, can be said to inflict a legal injury on the plaintiff, and that the defendant is entitled to judgment.

It is therefore ordered that the judgment appealed from be reversed and the injunction issued herein dissolved, and that there be judgment in favor of defendant, with costs in both courts.